between the tracks to the curb. It consists of two items — the sum of $3,385.56 claimed for improper deductions for surface area of slots and rails, and the sum of $7,144.84 for "unremoved pavement" between the tracks of the Lexington avenue surface railroad. The engineer properly, in our opinion, made deductions from the street surface area of the slots and rails. The contention of the contractor that the surface of the rails and slots should be allowed because the surface of the manhole covers was not deducted is unfounded. The manhole spaces are provided for under section 463 of the specifications which requires that payment for street surface restored at the unit price shall include the cost of restoring all curbs, manholes, slots and covers, gratings, vault lights, etc., that formed a part of the original street surface. The claim of the contractor for "unremoved pavement" was improperly allowed. The contractor did not remove this pavement during the construction. It supported and sustained the railway tracks and structures as required by section 72 of the specifications, and was paid therefor. Section 460 of the specifications provides for a temporary pavement only on such spaces of the work where removal of the pavement was necessary during the construction period. Concededly the contractor did not remove the pavement between the track rails during such period. The pavement, the evidence shows, was not removed until the time arrived for the temporary paving of Lexington avenue from curb to curb. We think the claim is unsupported by facts and a direction in plaintiffs' favor was error. The judgment, so far as it relates to this claim, should be reversed and the complaint in respect thereto dismissed. The judgment, modified as above indicated, should be affirmed, with costs to the plaintiffs, appellants. Present — Clarke, P. J., Merrell, Finch, Martin and Wagner, JJ. Judgment modified as indicated in opinion and as so modified affirmed, with costs to the plaintiffs, appellants. Settle order on notice.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. 242–252 WEST 36TH STREET CORPORATION, Appellant.— Judgment reversed and fine remitted, on the authority of *City of New York* v. *Stewart Realty Co.* (109 App. Div. 702). Settle order on notice. Present — Clarke, P. J., Merrell, Finch, McAvoy and Martin, JJ.; Merrell and Martin, JJ., dissent and vote for affirmance.

WILLIAM A. CAMPBELL, Appellant, v. HERBERT G. TULLY and Others, Respondents.— Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Merrell, Finch, Martin and Wagner, JJ.

CENTRAL UNION TRUST COMPANY OF NEW YORK, as Trustee under Mortgage of WILLAT STUDIOS & LABORATORIES, INC., v. NORTHERN INSURANCE COMPANY OF NEW YORK and Another, Impleaded with WILLAT FILM CORPORATION.— Motion granted. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

GRACE A. FENDLER, Respondent, v. OLIVER MOROSCO and Another, Appellants.— Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Merrell, Finch, Martin and Wagner, JJ.; Martin, J., dissents and votes for reversal and a new trial.

GRACE A. FENDLER, Respondent, v. OLIVER MOROSCO and Another, Appellants. — Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Merrell, Finch, Martin and Wagner, JJ.

GUARANTY TRUST COMPANY OF NEW YORK, Individually and as Trustee under